RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/2/12
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JESSIE R. REEVES          DOCKET NO. 11-CV-1534; SEC. P

VERSUS          JUDGE DEE D. DRELL

BOBBY JINDAL, ET AL.          MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Jessie R. Reeves filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. At the time of filing, Plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); however, he is not currently incarcerated. He names as defendants Governor Jindal, Secretary James LeBlanc, Avoyelles Correctional's Warden, the Secretary of the Department of Health and Hospitals, and the Director of the LSU hospital system. He complains that he was deprived of adequate medical care.

### *Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v.

Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff was ordered to amend his complaint on December 12, 2011. Plaintiff has failed to respond to the Court's order.

## *Conclusion*

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE